UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDDIE LEE JACKSON, Petitioner | CIVIL ACTION NO. 5:18-CV-1338-P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Eddie Lee Jackson ("Jackson") (#348513). Jackson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Jackson challenges his conviction in the 1st Judicial District Court, Caddo Parish.

Because Jackson's petition is second and successive, and Jackson has not obtained authorization to file a second or successive petition, the petition should be dismissed.

I. Background

Jackson was convicted of one count of second degree kidnapping and one count of simple arson of a vehicle with damage amounting to over $500. State v. Jackson, 132 So.3d 516, 519 (La. App. 2 Cir. 1/29/14), 132 So.3d 516, 519, writ denied, 2014-0394 (La. 9/19/14), 148 So.3d 952, and writ denied, 2014-0412 (La. 9/26/14), 149 So.3d 260. The convictions were affirmed, and the Louisiana Supreme Court denied writs. Id.

Jackson filed a pro se motion to correct an illegal sentence in the trial court on October 7, 2014. (5:15-cv-72, W.D. La., Docs. 40-23, pp. 171–72). Jackson argued that the trial court erroneously denied him parole eligibility for his entire sentence for the kidnapping conviction, when the applicable statute only mandates that parole should be denied for two years. Id. The trial court denied relief, noting that Louisiana Revised Statute 14:44.1(C) provides that "[a]t least two years of the sentence imposed shall be without benefit of parole," and that the court was acting within its discretion to order that the entire sentence be served without benefit of parole. Id. Jackson sought review in the Louisiana Second Circuit Court of Appeal and the Louisiana Supreme Court, both of which denied review. State v. Jackson, 2014-0394 (La. 9/19/14), 148 So.3d 952.

On January 15, 2015, Jackson filed a § 2254 petition in this Court. (5:15-cv-72, W.D. La.). Jackson continued to file numerous motions in the state courts after initiating his federal petition. (5:15-cv-72, W.D. La., Doc. 40-1). Jackson's § 2254 petition raised three claims: (1) the evidence admitted at trial was insufficient to support the second-degree kidnapping conviction; (2) the sentence imposed for the second-degree kidnapping is unconstitutionally excessive; and (3) the trial court violated Jackson's right to due process by allowing other crimes evidence to be admitted. Jackson filed a motion to stay his habeas proceeding so he could exhaust an ineffective assistance claim, which Jackson had raised in a subsequent post-conviction application. (5:15-cv-72, W.D. La., Doc. 42). Because Jackson did not show good cause for his late attempt to raise the ineffective assistance claim or for filing

his § 2254 petition before he had completed pursuit of post-conviction remedies in state court, the stay was denied. (5:15-cv-72, W.D. La., Doc. 46). This Court denied Jackson's § 2254 petition. Jackson's appeal is currently pending in the United States Court of Appeals for the Fifth Circuit. (Docket No. 18-30692, 5th Cir.).

Jackson's current § 2254 petition raises the ineffective assistance claim. (Doc. 1).

## II. Law and Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. See 28 U.S.C. § 2244(b); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. Hardemon v. Quarterman, 516 F.3d 272, 275 (5th Cir. 2008); Crone, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. Hardemon, 516 F.3d at 275-76.

Jackson's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises a claim that was or could have been raised in his initial federal petition challenging his conviction. When a petition is second or successive,

3

the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." Id. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action. Until such time as Jackson obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over his petition. See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus filed under § 2254 be dismissed for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of November, 2018.

                                                   Joseph H.L. Perez-Montes
                                                 United States Magistrate Judge